STATE OF WISCONSIN     CIRCUIT COURT     FOND DU LAC COUNTY

---

WEST BEND MUTUAL
INSURANCE COMPANY
1900 South 18th Avenue
West Bend, WI    53095,

         Plaintiff,

v.

JACKCO TRANSNATIONAL
642 South Duggan Avenue
Azusa, CA    91702

         Defendant.

FILED
FEB 18 2016
RAMONA M. [illegible]
FOND DU LAC COUNTY, WIS.
Clerk of Circuit Court

Case No:   16-CV 098
Code No: 30101

---

## COMPLAINT

---

THE PLAINTIFF, West Bend Mutual Insurance Company, by and through its attorneys, Winner, Wixson & Pernitz, for its Complaint in this matter alleges and states as follows:

### PARTIES

1. The Plaintiff, West Bend Mutual Insurance Company, is a Wisconsin Insurance Corporation with principal offices located at 1900 South 18th Avenue, West Bend, Wisconsin 53095. At all times material, Plaintiff insured Cars, Inc. and Carl Wolfgram and the property located at N6594 Rolling Meadows, Fond du Lac, Wisconsin (hereinafter "subject premises") for specific risks, including those alleged hereinafter, and has made payment to or on behalf of its insured for damages sustained as a result of the incident hereinafter described.

2. The Defendant, Jackco Transnational, Inc., is a foreign corporation with principal place of business at 642 South Duggan Avenue, Azusa, CA 91702 serving the automotive repair equipment industry furnishing, amongst others, hydraulic tools and equipment. At all times

Case 1:16-cv-00515-WCG    Filed 04/28/16    Page 1 of 5    Document 1-1

Exhibit A

material, defendant designed, manufactured, distributed and/or marketed a ZETA Pocket Jump Starter Model No. ZT50420. At all times material, the ZETA Pocket Jump Starter was plugged into an electrical outlet energized inside the subject premises.

## FACTUAL ALLEGATIONS

3. Realleges and incorporates by reference, as though set forth in full herein, paragraphs 1 - 2 above.

4. The subject ZETA Pocket Jump Starter Model No. ZT50420 was purchased and first used on November 20, 2014.

5. On or about November 20, 2014 at approximately 12:00 a.m., the subject premises owned by Cars, Inc. and Carl Wolfgram sustained fire and smoke damage when the ZETA Pocket Jump Starter Model No. ZT50420 overheated, split apart and melted.

6. Failure of the ZETA Pocket Jump Starter Model No. ZT50420 caused damage to the insured's premises, contents and business income loss.

7. As a result of the above-described fire, Cars, Inc. sustained damages as follows:

   a. Business income loss:   $ 25,000.00
   b. Structural damage:      $225,694.51
   c. Contents:               $103,655.48
   d. Extra expense:          $ 12,000.00

   **PRESENT TOTAL:**         **$366,349.99**

8. Pursuant to its policy of insurance with Cars, Inc. and the laws of the State of Wisconsin, Plaintiff was required to pay, and did pay, to or on behalf of its insured the sum of **Three Hundred Sixty-Six Thousand Three Hundred Forty-Nine and 99/100 Dollars ($366,349.99)** all for damages sustained by Cars, Inc. or its customers.

2

9. Cars, Inc.'s damages and losses have not been fully adjusted and liquidated and Plaintiff may be required to make further, additional payments as a result of the subject fire.

## NEGLIGENCE

10. Realleges and incorporates, as though set forth in full herein, paragraphs 1 - 6 above.

11. Defendant, by and through its agents, servants, employees and contractors, was negligent in the design, construction, manufacture, distribution and/or marketing of the subject ZETA Pocket Jump Starter energized at the time of the fire at the subject premises.

12. The afore-described negligence of Defendant was a direct and proximate cause of the subject fire and of damages sustained by Plaintiff's insured.

## SECOND CLAIM: STRICT LIABILITY

13. Realleges and incorporates, as though set forth in full herein, paragraphs 1 - 9 above.

14. The subject ZETA Pocket Jump Starter was in a defective condition so as to be unreasonably dangerous to users with respect to its design, manufacture, testing, sale and warning when it left the possession and control of defendant.

15. The subject ZETA Pocket Jump Starter was a product that defendant expected to, and did, reach Cars, Inc. as an end user without substantial change in the condition in which it was sold.

16. The afore-described defective condition, which rendered the ZETA Pocket Jump Starter unreasonably dangerous, was a direct and proximate cause of the subject fire and damages sustained by plaintiff's insured.

## THIRD-CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY

17. Realleges and incorporates by reference, as though set forth in full herein, paragraphs 1 - 13 above.

18. Under common and statutory law, a warranty of merchantability and a warranty of fitness for a particular purpose are implied in all sales transactions where the seller has reason to know the particular purpose for which the product is to be used and that the buyer is relying on the skill or Judgment of the seller to furnish a suitable product. A warranty of merchantability is a warranty implied by law that a product is fit for the ordinary purpose for which it is used, is properly labeled and conforms to the representations made about it. A warranty of fitness for a particular purpose is a warranty implied by law that a product is fit for its intended use.

19. Defendant's ZETA Pocket Jump Starter is subject to both an implied warranty of merchantability and an implied warranty of fitness for a particular purpose.

20. Defendant breached the above warranties in the manner above-described. In particular, the subject ZETA Pocket Jump Starter would not have been merchantable or fit for its particular purpose had Defendant disclosed the inadequate design and manufacture of the product which caused or contributed to cause the November 20, 2014 fire.

21. Defendant's breach of the foregoing warranties caused Plaintiff's damages.

## FOURTH CAUSE OF ACTON: WIS. STAT. § 100.18

22. Realleges and incorporates by reference, as though set forth in full herein, paragraphs 1 - 18 above.

23. In promoting its services, experience and expertise, Defendant with intent to sell or market the subject ZETA Pocket Jump Starter or with intent to induce Plaintiff's insured to

purchase same, made material misleading representations regarding suitability of the subject pocket jump starter for those purposes intended by Cars, Inc.

24. Defendant's material factual misrepresentations were a cause of the November 20, 2014 fire and resulting damages.

WHEREFORE, Plaintiff demands Judgment as follows:

A. For compensatory damages in an amount to be determined by the trier of fact.

B. For damages, costs and attorney's fees pursuant to Wis. Stat. § 100.18(11)(b).

C. For its costs and disbursements incurred herein.

D. For such other and further relief as the Court may deem just and proper.

Dated this 15 day of February, 2016.

WINNER, WIXSON & PERNITZ

By: _____
RICK J. MUNDT (SBN: 01002952)
Attorneys for Plaintiff

22 East Mifflin Street, Suite 702
P.O. Box 2626
Madison, WI 53701-2626
608/257-0257
608/257-0078 - FAX

5